# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>ANNEENE CATTERSON,<br><br>                           Respondent,<br><br>    v.<br><br>SCOTT CATTERSON,<br><br>                           Appellant. | No. 57328-8-II<br><br>UNPUBLISHED OPINION |

CHE, J. —Scott Catterson appeals the trial court's final dissolution decree ending his 32-year marriage to Anneene. The trial court awarded Anneene the family home and ordered that Scott pay Anneene $1,700 in spousal support every month for the rest of her life. Scott appeals arguing that the trial court's findings regarding Anneene's current and future financial resources and his current and future ability to pay spousal support were not supported by substantial evidence. He also argues that the trial court abused its discretion by ordering $1,700 spousal support for life and by awarding Anneene the family home.

In fashioning its property distribution, the trial court made a significant mathematical error, calculating Anneene's monthly income after accounting for the lifetime spousal maintenance award to be $1,000 less than it would be. This error undermines the trial court's reasoning to a degree that compels reversal and remand. Accordingly, we reverse the trial court's final dissolution decree and remand for further proceedings.

FACTS

Anneene Catterson petitioned for divorce from her husband of more than 30 years, Scott, in June 2020. The parties had eight children together, but only one who was under 18 at the time the final dissolution was entered. At the time of dissolution, Scott had custody of that child. Anneene and Scott also share an adult child, Julie, who is disabled and requires full time supervised care. Julie lives with Anneene in the family home, and Anneene provides her full time care. The State of Washington pays Anneene $1,600 in family caregiver benefits. Scott has identified a group home where Julie could live for $400 per month, but it would not include the full time care that Julie requires.

Anneene was 57 years old at the time of the dissolution and, with the exception of some part-time work approximately ten years ago, has not worked outside of the home since having children. Anneene is a trained phlebotomist but her certification has expired and she would need to undergo further education to obtain a new certification.

Scott was 62 years old at the time of the dissolution. Scott experiences health issues from type 2 diabetes including heart disease, neuropathy in his lower body, and fatty liver. He has worked in the medical technology field for over 35 years, earning approximately $86,500 per year.

In its final dissolution order, the trial court ordered Anneene to pay Scott $399 per month in child support. The trial court awarded Anneene the family home, which was valued at $275,000 with $120,000 of equity, and Scott his 401K valued at $60,000. The trial court also ordered Scott to pay Anneene maintenance in the amount of $1,700 per month for the rest of her

life. The court acknowledged the length of the marriage and the fact that Anneene had stayed home with the children and not worked professionally outside of the home for most of the past 30 years. The trial court noted that even with the maintenance award, Scott's monthly income would still exceed Anneene's by $1470, even before accounting for the child support Anneene was ordered to pay Scott. However, this appears to be a mathematical error. Anneene's income is $1,600 plus $1,700 in maintenance each month, adding up to $3,300 net monthly income—not $2,300. *See* Clerk's Papers (CP) at 31. No one appears to have noticed this error.

Scott moved for reconsideration arguing that due to health issues he would be retiring within three to five years and would not have his income from his full time job anymore. The trial court denied his motion. Scott appeals.

ANALYSIS

I. LEGAL PRINCIPLES

We review findings of fact for substantial evidence. *In re Marriage of Leaver*, 20 Wn. App. 2d 228, 238, 499 P.3d 222 (2021). Substantial evidence exists when there is sufficient evidence to persuade a fair-minded person of the finding's truth. *In re Marriage of Anthony*, 9 Wn. App. 2d 555, 564, 446 P.3d 635 (2019). We do not substitute our judgment for the trial court's judgment, weigh the evidence, or evaluate witness credibility. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). When the trial court has weighed the evidence, we determine only whether substantial evidence supports the findings of fact, and if so, whether the findings support the trial court's conclusions of law. *Id*. We review the trial court's conclusions of law de novo. *In re Marriage of Raskob*, 183 Wn. App. 503, 510, 334 P.3d 30 (2014).

"The trial court has broad discretion in dissolution proceedings 'to make a just and equitable distribution of property based on the factors enumerated in RCW 26.09.080.'" *In re Marriage of Groves*, 10 Wn. App.2d 249, 254, 447 P.3d 643 (2019). We review a trial court's division of property in a dissolution proceeding for a manifest abuse of discretion. *Id*. "This is a highly deferential standard" and the challenging spouse bears a heavy burden of showing such abuse of discretion. *Id*. at 255.

We also review a trial court's award of maintenance for abuse of discretion. *Anthony*, 9 Wn. App. 2d at 563. Trial courts are entitled to broad discretion in awarding maintenance. *Id*. A trial court abuses its discretion if its decisions are manifestly unreasonable or are based on untenable grounds or untenable reasons. *Id*.

RCW 26.09.090(1) provides a nonexclusive list of factors that must be considered on the issue of maintenance:

> a) The financial resources of the party seeking maintenance . . . and his or her ability to meet his or her needs independently . . .;
>
> (b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment appropriate to his or her skill, interests, style of life, and other attendant circumstances;
>
> (c) The standard of living established during the marriage or domestic partnership;
>
> (d) The duration of the marriage or domestic partnership;
>
> (e) The age, physical and emotional condition, and financial obligations of the spouse or domestic partner seeking maintenance; and
>
> (f) The ability of the spouse or domestic partner from whom maintenance is sought to meet his or her needs and financial obligations while meeting those of the spouse or domestic partner seeking maintenance.

Although the trial court must consider the factors listed in RCW 26.09.090(1), it does not need to make specific factual findings on all of the factors. *Anthony*, 9 Wn. App. 2d 558.

An award of maintenance "is not just a means of providing bare necessities, but rather a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time." *In re Marriage of Washburn*, 101 Wn.2d 168, 179, 677 P.2d 152 (1984). "Ultimately, the court's main concern must be the parties' economic situations post dissolution." *Anthony*, 9 Wn. App. 2d at 564. "'The only limitation on amount and duration of maintenance under RCW 26.09.090 is that, in light of the relevant factors, the award must be just.'" *Id.* (quoting *In re Marriage of Bulicek*, 59 Wn. App. 630, 633, 800 P.2d 394 (1990)).

Lifetime maintenance generally is disfavored, but may be awarded when the amount is reasonable and "'it is clear the party seeking maintenance will not be able to contribute significantly to . . . her own livelihood.'" *In re Marriage of Valente*, 179 Wn. App. 817, 822, 320 P.3d 115 (2014) (quoting *In re Marriage of Mathews*, 70 Wn. App. 116, 124, 853 P.2d 462 (1993)).

## II. SUBSTANTIAL EVIDENCE

Scott argues that the trial court's finding regarding Anneene's current and future financial resources was not supported by substantial evidence. In particular, Scott emphasizes that nothing physically prevents Anneene from working a minimum wage job, and she could be retrained as a phlebotomist. We disagree.

The trial court found that Anneene had not worked outside of the home since having children other than some part-time work approximately ten years ago. She had been a trained

phlebotomist but her certification expired. The trial court found that "even if Anneene were to return to work, at 57, she will have very limited time to improve her earning power and/or accrue retirement benefits, particularly when she would be starting a low paying job." CP at 29.

There is no dispute that Anneene is 57 years old with essentially no work experience outside of the house in the past thirty years. Contrary to Scott's suggestion on appeal, the trial court acknowledged that Anneene could physically return to work in a low paying job, but at her age and experience the time required to recertify her phlebotomist certification would provide little opportunity to increase her earning power before she reaches retirement age. Essentially, Scott is displeased with the trial court's conclusion that Anneene should not be obligated to return to work, but that does not negate the evidence in the record supporting the trial court's finding that Anneene's ability to significantly improve her financial circumstances through returning to work is very limited.

Scott also argues that the trial court's finding regarding his current and future ability to pay spousal support to Anneene was not supported by substantial evidence. We disagree.

The parties do not dispute that Scott's 401k was valued at $60,000 and that his paystub showed his net income to be approximately $5,470. Scott focuses on the evidence that he will likely retire in the three to seven years, at which point his income will decrease. But the trial court acknowledged that Scott was 62 and experienced health problems. The trial court weighed that evidence and found that Scott could continue to work and increase his 401K. Where the trial court has weighed the evidence and come to a finding of fact, we will not reweigh that evidence. *Wilson*, 165 Wn. App. 340.

6

We hold that substantial evidence supported the trial court's findings regarding Anneene's current and future financial resources along with Scott's ability to pay spousal support.

## II. ABUSE OF DISCRETION

Scott argues that the trial court abused its discretion by awarding Anneene lifetime spousal maintenance and the family home. Given the trial court's mathematical error in calculating Anneene's post-maintenance monthly income, we agree.

Scott argues that by awarding Anneene lifetime maintenance and the family home, the trial court unjustly gave her a windfall. A trial court must divide and distribute community property to be "just and equitable." RCW 26.09.080. But a just and equitable distribution does not require an equal distribution. *In re Marriage of DewBerry*, 115 Wn. App. 351, 366, 62 P.3d 525 (2003).

Here, the trial court carefully considered the evidence of the case and weighed the economic circumstances of each spouse. In fashioning its spousal maintenance award, the trial court considered each party's financial resources and their ability to meet their needs independently. The trial court particularly noted that for Anneene to return to professional work, she would need retraining and recertification, which at age 57 diminished her potential to improve her financial resources. The court also weighed the fact that the parties were married for 32 years during which Scott was the primary financial provider. Important to the trial court's determination was the fact that Anneene provides full time care and supervision of Julie. The

trial court further justified the property division by the disparity in Anneene's and Scott's monthly incomes, including spousal maintenance.

However, it appears the trial court made a significant miscalculation in assessing Anneene's post-maintenance monthly income. The trial court calculated that after receiving $1,700 per month from Scott, Anneene's monthly income would be $2,300. This is incorrect. Anneene's net monthly income after maintenance would be $3,300. Compared to Scott's post-maintenance net monthly income of $3,700, maintenance brings the two spouse's incomes significantly closer than the trial court realized when making its property distribution.[1]

Because the facts that the trial court relied upon in making its property distribution ruling were inaccurate, we cannot conclude that the trial court's decision was based on tenable grounds. Accordingly, we hold that the trial court's property distribution was a manifest abuse of discretion.

We recognize that a trial court considers all aspects of a dissolution decree when fashioning a just and equitable property distribution including spousal support, child support, and community property division. The record on appeal does not contain any calculation worksheets.[2]  Based upon the record provided, the calculation error undermines the trial court's reasoning to a degree that remand is necessary. Upon remand, the trial court should use its

---

[1] Scott does not challenge the trial court's calculation of child support. The record on appeal does not contain the trial court's child support worksheet, but based on the trial court's memorandum opinion, the trial court relied on the same erroneous income calculations in calculating child support.

[2] Because worksheets were not included in this appeal record, it was not possible to determine if the trial court's error was the result of a scrivener's error or actual mathematical error.

discretion to fashion a total property distribution including determinations on amount and duration of spousal support, child support, and property distribution as it deems just based on accurate income calculations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, A.C.J.

Price, J.